UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE KISLAK CO INC., <br><br> Plaintiff, <br><br> v. <br><br> PROMINENT PROPERTIES LLC, MYRA PROPERTIES, LLC, LEON PIRAK, 627 SEVENTEETH AVENUE, LLC, B&M ESTATES LIMITED LIABILITY COMPANY, BRENDAN CONHEENEY, and MICHAEL CHERVENAK, <br><br> Defendants, <br><br> -and- <br><br> B&M ESTATES LLC, BRENDAN CONHEENEY, and MICHAEL CHERVENAK, <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> W. LANE MILLER, individually, and THE KISLAK COMPANY, INC., <br><br> Third-Party Defendants. | Civil Action No. 22-2482 (GC) (RLS) <br><br><br> **REPORT AND RECOMMENDATION** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the Motion of Plaintiff The Kislak Company Inc. ("Plaintiff") to Remand and for an Award of Fees and Costs, (the "Motion"). (Dkt. Nos. 7, 8). Defendants/Third-Party Plaintiffs B&M Estates LLC, Brendan Conheeney, and Michael Chervenak (collectively, the "B&M Defendants") oppose the Motion, (Dkt. No. 11), to which

1

Plaintiff replies, (Dkt. No. 12).  The Honorable Georgette Castner, U.S.D.J., referred this Motion to the undersigned for a Report and Recommendation.  The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons set forth below, and for good cause shown, the Court respectfully recommends that Plaintiff's Motion be GRANTED.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On or about March 30, 2022, W. Lane Miller, attorney for Plaintiff, and Third-Party Defendant served on B&M Estates LLC and Brendan Conheeney a Notice of Motion to Enforce Litigant's Rights ("State Motion to Enforce"), which was filed in the Superior Court of New Jersey, Law Division, Middlesex County (the "State Court").  (Dkt. No. 1-1).  Through the State Motion to Enforce, Plaintiff sought the entry of an Order compelling the B&M Defendants to respond to information subpoenas served in an effort to collect on a judgment entered against the B&M Defendants in the State Court on or about May 29, 2020.  (Dkt. No. 1-1).

On April 28, 2022, the B&M Defendants filed a Notice of Removal, purporting to remove the State Motion to Enforce to this Court, pursuant to 28 U.S.C. §§ 1446(a) and (d).  (Dkt. No. 1). In the Notice of Removal, the B&M Defendants allege that the State Motion to Enforce is an attempt to collect a debt, which the B&M Defendants contend triggers the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").  (Dkt. No. 1 at pp. 1-2, ¶¶ 2, 4).  The B&M Defendants further allege in their Notice of Removal that "[a] complaint against Plaintiff and W. Lane Miller will be forthcoming within the time allowed under the Rule."  (Dkt. No. 1 at p. 1, ¶ 3).  On May 19, 2022, the B&M Defendants filed their "Counterclaims and Third Party Complaint with Declaratory Judgment", asserting affirmative defenses, as well as claims of common law fraud and misrepresentations and

defamation, violations of the FDCPA and FCRA, and violations of N.J.S.A. § 45:18-1 *et seq.* (the "Counterclaims"). (Dkt. No. 6).

On May 20, 2022, Plaintiff filed the instant Motion, arguing that the Court lacks subject matter jurisdiction and that the Notice of Removal is procedurally defective as untimely and without the consent of the other defendants named in the underlying state court matter from which the State Motion to Enforce ensued. (*See* Dkt. No. 7-3). Through the Motion, Plaintiff also seeks the imposition of attorney's fees pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 7-3 at pp. 16-18). On May 23, 2022, Plaintiff filed a supplemental brief in further support of its Motion, contending that principles of *res judicata* barred the B&M Defendants' Counterclaims, which seek to challenge a final judgment entered in the underlying state court matter. (Dkt. No. 9).

On June 7, 2022, the B&M Defendants filed their opposition to the Motion. (Dkt. No. 11). The B&M Defendants argue that removal was appropriate because the State Motion to Enforce violates the FDCPA and FCRA, triggering this Court's subject matter jurisdiction. (Dkt. No. 11 at ¶¶ 4, 6). In so contending, the B&M Defendants rely on their Counterclaims which were filed after the Notice of Removal. (Dkt. No. 11 at ¶ 4). They also argue that the other defendants in the underlying state court action were not subject to the State Motion to Enforce and, therefore, their consent is not required. (Dkt. No. 11 at ¶ 5). On June 14, 2022, Plaintiff filed a reply on its Motion, reiterating its points in support of a remand and submitting a certification in support of its request for an award of fees. (Dkt. No. 12).

**II.     LEGAL STANDARD**

District courts have original jurisdiction based on a federal question where a case is founded on a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a district court has original jurisdiction over the action, a defendant may

3

remove a civil action from state court to federal court under 28 U.S.C. § 1441. Once a case has been removed, a court may remand it to state court under 28 U.S.C. § 1447(c), if removal was either procedurally defective or if there is a lack of subject matter jurisdiction. *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013). The district courts' limited jurisdiction requires that the removal statutes "be strictly construed against removal and all doubts . . . be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). The defendant, who removed this case to federal court, "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted).

**III.    DISCUSSION**

Through this Motion, Plaintiff raises that the case was improperly removed as the underlying State Motion to Enforce lacks a federal question over which this Court may exercise subject matter jurisdiction.

In determining whether a case arises under federal law pursuant to 28 U.S.C. § 1331, and thus whether a federal court may properly assert jurisdiction over the action, courts are ordinarily guided by the well-pleaded complaint rule. *See Aetna Health Inc. v. Davila*, 524 U.S. 200, 207 (2004). The well-pleaded complaint rule "requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes." *Palmer v. Univ. of Med. & Dentistry*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009); *see also U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) ("It is not enough that a federal question is or may be raised as a defense." (citation omitted)). It is well settled that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S.

22, 25 (1913). Thus, a finding of federal jurisdiction is proper where a federal question is presented on the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Critically, the existence of a federal defense to a plaintiff's claims is insufficient to confer federal question jurisdiction and defeat a motion to remand. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." (citations omitted)); *Franchise Tax Bd. v. Const. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *U.S. Express Lines*, 281 F.3d at 389; *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996). A defendant may <u>not</u> remove an action to federal court, under 28 U.S.C. § 1441, on the grounds that a federal question is raised in a crossclaim, counterclaim, or third-party claim. *See AHS Hosp. Corp. v. Ippolito*, No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019); *Palmer*, 605 F. Supp. 2d at 628-29.

Here, the B&M Defendants rely upon their Counterclaims to seek this Court's subject matter jurisdiction. Yet, the law is clearly established that removal cannot be based on a purported federal question raised in counterclaims, particularly where those counterclaims were not yet even asserted at the time of removal. *See Franchise Tax Bd.*, 463 U.S. at 14; *Palmer*, 605 F. Supp. 2d at 628. Further, no exception to the well-pleaded complaint rule applies in this instance. *See, e.g.*, *Jersey City Redevelopment Agency v. Urban League Affordable Hous. Cmty. Dev. Corp.*, No. 22-1688, 2022 WL 3371783, at *3-5 (D.N.J. July 29, 2022) (R. & R.) (discussing exceptions).

5

Because the Court finds that removal was improper based on the lack of subject matter jurisdiction, the Court need not address the procedural defects raised by Plaintiff in the Motion. Accordingly, this Court recommends that the Motion to Remand be granted.

The Court now turns to Plaintiff's request for an award of fees. Pursuant to 28 U.S.C. § 1447(c), the Court may, in its discretion, award costs and fees on a remand order "when such an award is just." 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141; *see also First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64, 66 (3d Cir. 2010) (same). Here, the Court strains to find that the B&M Defendants had an objectively reasonable basis in removing the underlying state court proceeding (which presented by way of post-judgement motion practice, rather than a complaint). Accordingly, this Court recommends that Plaintiff's request for the award of fees be granted.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court finds that the removing party, the B&M Defendants, have failed to meet their burden of establishing that they properly removed this action on the basis of federal subject matter. Accordingly, this Court respectfully recommends that this action be remanded. Now,

**IT IS**, **THEREFORE**, on this 14th day of February 2023,

**RECOMMENDED** that Plaintiff's Motion to Remand and for an Award of Fees (Dkt. No. 7) be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to TERMINATE the Motion pending at Docket Entry Number 7 and activate this Report and Recommendation for the District Court's review; and it is further

**ORDERED** that the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to file and serve objections to the proposed findings and recommendations set forth herein pursuant to Fed. R. Civ. P. 72(b)(2).

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**