NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE KISLAK CO INC., <br><br> Plaintiff, <br><br> v. <br><br> PROMINENT PROPERTIES LLC, MYRA PROPERTIES, LLC, LEON PIRAK, 627 SEVENTEETH AVENUE, LLC, B&M ESTATES LIMITED LIABILITY COMPANY, BRENDAN CONHEENEY, and MICHAEL CHERVENAK, <br><br> Defendants, <br><br> -and- <br><br> B&M ESTATES LLC, BRENDAN CONHEENEY, and MICHAEL CHERVENAK, <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> W. LANE MILLER, individually, and THE KISLAK COMPANY, INC., <br><br> Third-Party Defendants, | Civil Action No. 22-2482 (RK) (RLS) <br><br> **OPINION & ORDER** |

**KIRSCH, District Judge**

THIS MATTER comes before the Court upon the February 14, 2023 Report and Recommendation of the Honorable Rukhsanah L. Singh ("R&R", ECF No. 13), which addressed Plaintiff/Third-Party Defendant The Kislak Company Inc.'s ("Plaintiff" or "Kislak") Motion to

Remand and for an Award of Fees and Costs (ECF Nos. 7 & 8). The R&R recommends that this Court grant Plaintiff's motion and, accordingly, that the case be remanded to the New Jersey Superior Court and fees and costs be awarded to Plaintiff. (R&R at 6–7.) The Court reviewed all relevant documents and submissions, and for the reasons stated below, the Court adopts the R&R in its entirety.

I.      **BACKGROUND**

The factual details of this dispute are explained in detail in the R&R and incorporated herein. (R&R at 2–3.) The Court briefly recites the facts necessary to adopt Judge Singh's R&R.

On March 23, 2022, Plaintiff filed a Notice of Motion to Enforce Litigant's Rights ("State Motion to Enforce") in the Superior Court of New Jersey, Law Division. (ECF No. 1-1.) Plaintiff had previously secured a judgment against the B&M Defendants in New Jersey state court, and its State Motion to Enforce sought to compel the B&M Defendants to respond to Plaintiff's information subpoena served to enforce the judgment. (*Id.*)

On April 28, 2022, the B&M Defendants removed the State Motion to Enforce to federal court pursuant to 28 U.S.C. §1446(a) and (d). (*Id.*) The B&M Defendants alleged that "[r]emoval is proper because plaintiff's attempts to collect a debt and Defendants Counterclaim involve federal questions." (*Id.*) On May 19, 2022, the B&M Defendants filed "Counterclaims and Third Party Complaint with Declaratory Judgment," against Plaintiff and Plaintiff's attorney, W. Lane Miller. (ECF No. 6.) Defendants' filing asserted numerous affirmative defenses, state common law claims, and violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and the new Jersey Fair Debt Collection Practices Act. (*Id.*)

Plaintiff filed a Motion to Remand on May 20, 2022, seeking the case's return to state court and an award of attorney's fees. (ECF Nos. 7 & 8.) The B&M Defendants opposed, (ECF No. 11),

and Plaintiff replied, (ECF No. 12). On February 14, 2023, Judge Singh issued her Report and Recommendation, recommending that the action be remanded to state court and that Plaintiff be awarded costs and fees. The B&M Defendants objected to Judge Singh's R&R, ("Defs. Obj.", ECF No. 15), and Plaintiff filed a response ("Plf. Resp.", ECF No. 16).

## II.   LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within fourteen (14) days of service. If a party objects, the district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also United States v. Lightman*, 988 F. Supp. 448, 457 (D.N.J. 1997) (upon objection, a district court reviews a Magistrate Judge's recommendation *de novo*). "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Brainbuilders, LLC v. Optum, Inc.*, No. 18-638, 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quotation marks and citations omitted).

The B&M Defendants purport to object to the entirety of Judge Singh's R&R, (Defs. Obj. at 2), although their brief does not discuss Judge Singh's award of attorney's fees. However, since the Court will adopt Judge Singh's R&R in its entirety regardless of the standard of review applied, the Court will review all aspects of Judge Singh's R&R *de novo*.

## III.   DISCUSSION

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove to federal court a civil action originally filed in state court. After removal,

a plaintiff may move to remand the case if the removal was defective, or the district court lacks subject matter jurisdiction. 28 U.S.C § 1447(c); *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("For removal to be proper, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (quoting *Boncek v. Pennsylvania R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952))). As the Third Circuit has explained, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

The B&M Defendants contend — both in opposition to Plaintiff's remand motion and now appealing Judge Singh's R&R — that because their counterclaims involve issues of federal law, subject matter jurisdiction exists. (Defs. Obj. at 3.)

This Court, however, agrees with Judge Singh's holding that "removal was improper based on the lack of subject matter jurisdiction." (R&R at 6.) As Judge Singh noted, to determine whether jurisdiction exists under 28 U.S.C. § 1331, courts are guided by the well-pleaded complaint rule. (R&R at 4.) This rule "requires federal question jurisdiction be established squarely within the four corners of the plaintiff's complaint for removal purposes." *Palmer v. Univ. of Med. & Dentistry of New Jersey*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009). If the complaint "does not, on its face, affirmatively allege a federal claim . . . a plaintiff is ordinarily entitled to remain in state court." *Concepcion*, 2013 WL 5952042, at *2. Surveying the case law, Judge Singh found:

> Critically, the existence of a federal defense to a plaintiff's claims is insufficient to confer federal question jurisdiction and defeat a

4

> motion to remand. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." (citations omitted)); *Franchise Tax Bd. v. Const. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *U.S. Express Lines*, 281 F.3d at 389; *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996). A defendant may not remove an action to federal court, under 28 U.S.C. § 1441, on the grounds that a federal question is raised in a crossclaim, counterclaim, or third-party claim. *See AHS Hosp. Corp. v. Ippolito*, No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019); *Palmer*, 605 F. Supp. 2d at 628-29.

(R&R at 5.) Judge Singh held that because B&M Defendants' sole federal jurisdictional hook turned on claims raised in their counterclaim and third-party complaint, "removal was improper based on the lack of subject matter jurisdiction." (R&R at 6.)

Objecting to Judge Singh's conclusion, the B&M Defendants reiterate their arguments that because their counterclaims involve issues of federal law, jurisdiction is proper. (Defs. Obj. at 3.) However, upon review of the relevant cases, the Court agrees with Judge Singh. The B&M Defendants present no case that contradicts Judge Singh's analysis. Rather, they spend considerable time addressing their standing to assert their counterclaims, rather than address the law on removal. (*See e.g.*, Defs. Obj. at 5 ("The Report failed to address the 'actual and imminent' standing requirement being satisfied when [the B&M Defendants] asserted a claim for statutory damages based upon a violation of section 1692e of the FDCPA.").) Whether the B&M Defendants' counterclaims assert federal claims is immaterial, because no matter their nature, counterclaims cannot confer subject matter jurisdiction upon removal. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002).

While there are exceptions to the well-pleaded complaint rule, the Court concurs with Judge Singh that none are present here. (*See* R&R at 5.) One exception originates with the Supreme Court's decision in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005).[1] In *Grable*, the Court held that federal courts may have jurisdiction over state law claims "that implicate significant federal issues." 545 U.S. at 312. This occurs where "the federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Plaintiff filed a Motion to Enforce in state court to collect a final judgment entered by the State Court. Defendants do not suggest — and the Court does not see — how Plaintiff's Motion necessarily raised a federal issue. Proceedings to enforce a state court judgment belong in state court. Therefore, this Court adopts Judge Singh's recommendation and will remand the case to state court.[2]

Having determined that remand is appropriate, the Court considers whether Plaintiff should be awarded attorney's fees. Pursuant to 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses, including attorney fees" upon remanding a case. The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) ("[D]istrict court may require the payment of fees

---

[1] The B&M Defendants cite *Grable* generally for the proposition that subject matter jurisdiction is proper here without mentioning, let alone discussing in any depth, *Grable*'s exception to the well-pleaded complaint rule. Although the Court need not address the Defendants argument, *see John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076, n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."), it nonetheless does briefly.

[2] Because the Court does not have subject matter jurisdiction over this dispute, the follows Judge Singh's approach and declines to address Plaintiff's arguments that the removal was procedurally defective.

6

and costs . . . even though the party removing the case did not act in bad faith."). The statute confers "broad discretion and . . . flexib[ility]" on the district court. *Id.* Congress granted this power to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. "Typically, courts award attorneys' fees where it is clear that the complaint does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal." *Vastola v. Sterling, Inc.*, No. 21-14089, 2022 WL 2714009, at *5 (D.N.J. Jul. 13, 2022).

Here, the Court agrees with Judge Singh that the B&M Defendants did not have an objectively reasonable basis for removal. (R&R at 6.) The law is clear that neither counterclaims nor defenses can confer subject matter jurisdiction, and the B&M Defendants fail to show or argue that an exception to the well-pleaded complaint rule applies here. Therefore, the Court adopts Judge Singh's recommendation that Plaintiff is awarded attorney's fees.[3]

---

[3] The Court notes it is in receipt of Plaintiff's March 6, 2023 Certification of Services in Support of Motion for Award of Attorney's Fees, (ECF No. 16-2), and to date, has not received any opposition to the reasonableness of the fees sought by Plaintiff. The B&M Defendants may submit a response as directed below. If no response is received, the Court will presume said application to be unopposed.

IV. **CONCLUSION**

For the foregoing reasons, and for good cause shown,

**IT IS** on this 14th day of August, 2023,

**ORDERED** that the Court adopts the Report and Recommendation, (ECF No. 13), in its entirety; and it is further

**ORDERED** that Plaintiff's motion to remand this matter to the Superior Court of New Jersey (ECF No. 7) is **GRANTED**; and it is further

**ORDERED** that the B&M Defendants shall file any response or opposition as to the amount or reasonableness of such fees or costs as set forth in Plaintiff's March 6, 2023 Certification of Services in Support of Motion for Award of Attorney's Fees, (ECF No. 16-2), by August 21, 2023 at 12:00 pm; and it is further

**ORDERED** that thereafter, this Court shall enter such orders as are appropriate, with fees and costs to be paid by Defendants; and it is further

**ORDERED** that the Clerk of Court is directed to remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

_____
**ROBERT KIRSCH**
UNITED STATES DISTRICT JUDGE